**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| **VERSUS** | * | **NO. 08-042** |
| **CLARENCE PAUL DOROSAN** | * | **SECTION "B" (3)** |

## OPINION

Nature of Motion and Relief Sought:

Oral argument was held before the Court on defendant, Paul Dorosan's Motion for Appeal of the United States Magistrate Judge's Judgment and Order denying Motion to Dismiss Bill of Information (Rec. Doc. No. 37). For oral reasons stated in open court and the following, and after review of entire record, the facts and findings of United States Magistrate Judge Daniel E. Knowles, III (Rec. Doc. Nos. 33, 38), are found to be accurate as to facts and law. The instant appeal is Dismissed and the judgment and order of the Magistrate Judge are **AFFIRMED**.

Summary of Facts/Disposition of Case:

Defendant Paul Dorosan was employed as a letter carrier by the United States Postal Service. On or about October 20, 2007, a postal inspector found a bag with .40 caliber hand gun ammunition

and three empty shell casings on the workroom floor next to a letter case for Defendant's route. On October 22, 2007, Defendant was found with a pocket knife on his person and a semi-automatic pistol in his car, located in the employee parking lot at the United States Post Office. Defendant was charged in a superceding indictment with a violation of 39 C.F.R. § 232.1(1), which prevents any person from carrying a firearm on postal property. Defendant filed a motion to dismiss the indictment asserting that the regulation violated his right to bear arms under the Second Amendment of the United States Constitution. United States Magistrate Judge Daniel E. Knowles, III dismissed Defendant's motion, finding that all elements of the violation charged in the Superceding Bill of Information had been proven by evidence beyond a reasonable doubt. As a result, Defendant has appealed the Magistrate Judge's ruling rejecting his Second Amendment Challenge to postal regulation 39 C.F.R. § 232.1(1).

## DISCUSSION

### A. *Constitutional to prevent firearms on postal parking lots*

The Second Amendment of the United States Constitution states: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed." U.S. CONST. amend. II. However, the United States Supreme Court has stated that the right to bear arms secured

by the Second Amendment is not absolute.[1] "It is not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."[2] Thus, prohibitions forbidding the carrying of firearms in "sensitive places such as...government buildings," are valid restrictions on the right to bear arms.[3]

The Property Clause of the United States Constitution allows Congress the right to regulate federal property such as the postal property at issue.[4] Postal regulation 39 C.F.R. 232.1(1) regulates postal property by prohibiting the carrying of firearms or other dangerous weapons either openly or concealed on postal property, except for official purposes. The Fifth Circuit has upheld postal regulations designed to ensure the safety of persons on government property.[5] 39.C.F.R. 232.1(1) does exactly that; it ensures the safety of the "workplace" and the public by prohibiting firearms on postal property, which includes parking lots. The United States Supreme Court has defined "workplace" as "those areas...that are related to work and are generally within the employer's control."[6]

---

[1] *District of Columbia v. Heller*, 128 S. Ct. 2783, 2786 (2008).

[2] *Id.*

[3] *Id.*

[4] *See* U.S. CONST. art. IV, 3, cl.2

[5] *See United States v. Gliatta*, 580 F.2d 156 (5th Cir. 1978), *cert. denied*, 439 U.S. 1048(1978). See Also

[6] *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987).

Furthermore, district courts have also recognized that the prohibition of firearms on postal parking lots is a constitutional regulation of the workplace under 39 C.F.R. 232.1(1).[7]

Under federal OSHA regulations, the postal service has a duty to provide a safe working environment by taking preventive measures to eliminate gun-related injuries.[8] In *Conoco Phillips*, the court ruled that a statute that prohibited employers from preventing its employees from carrying firearms on its property, including parking lots, was preempted by the OSH Act, which requires employers to take measures to ensure safety of the workplace in order to avoid gun-related violence.[9] In compliance with those requirements, the United States Postal Service has created regulations such as 39 C.F.R. 232.1(1) and has provided notice to Defendant as well as other employees that carrying a firearm on postal property would result in a violation of that regulation.

While aware of the postal regulations, Defendant made a conscious choice to disobey the regulation even though other options were available to him. For example, Defendant could have elected for someone else to drop him off at work or a more feasible option would have been for him to park somewhere near his place of

---

[7] *See United States v. Rodriguez*, 460 F. Supp.2d 902, 908 (S.D. Ind. 2006)

[8] *See ConocoPhillips Co. v. Henry* 520 F. Supp.2nd 1282 (N.D. Ok. 2007).

[9] *Id.* at 1338-39.

4

employment.  In *Watkins v. Henderson*, No. 99-1945, 2001 WL 219807 (S.D. Ind. Mar. 5, 2001), a postal employee who carried firearms in his car, decided to park his vehicle across the street in another lot, rather than parking in the employee parking lot, so that he could avoid a violation under postal regulations.  Likewise, Defendant could have chosen to do the same or made other arrangements that would have ensured that he could carry his firearm for his own safety, while adhering to the postal regulations designed to protect the safety of Defendant, postal employees and the general public.  Some could seriously posit that another viable and legal storage area for this weapon is one's home as opposed to the federal job site.

## CONCLUSION

For the foregoing reasons and those stated in open court, **IT IS ORDERED** that Paul Dorosan's appeal of the Magistrate Judge's judgment, including the appeal from the order denying the Motion to Dismiss Bill of Information, is hereby **DISMISSED** and the Magistrate Judge's rulings are **AFFIRMED**.

New Orleans, Louisiana, this 22nd day of January, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE